872 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David G. ANDREAE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-1591.
 United States Court of Appeals, Sixth Circuit.
 April 14, 1989.
 
 Before NATHANIEL R. JONES, WELLFORD and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 David Andreae appeals from the district court's judgment denying his motion to vacate, set aside, or correct his illegal sentence filed under 28 U.S.C. Sec. 2255. Andreae pled guilty to mail fraud and offering unregistered securities and was sentenced to consecutive terms of five years and two years imprisonment. He was also ordered to pay a total of $6,000 in fines.
 
 
 3
 Andreae claimed that he was denied effective assistance of counsel when counsel failed to investigate and correct allegedly inaccurate information in the presentence investigation report, and that the court violated Fed.R.Crim.P. 32(c)(3)(d) by relying upon allegedly inaccurate information when it imposed sentence. He requested injunctive relief.
 
 
 4
 The district court denied the motion, deciding that defense counsel did challenge the presentence report, and that Fed.R.Crim.P. 32 did not apply because the alleged inaccuracies in the report were only petitioner's version of the facts.
 
 
 5
 Petitioner raises the same arguments on appeal. In addition, he claims that the district court erred in not holding an evidentiary hearing on his Sec. 2255 motion.
 
 
 6
 Upon review, we affirm the portion of the district court's judgment concerning Andreae's claim of ineffective assistance of counsel. Andreae failed to show that counsel's representation fell below an objective standard of reasonableness and that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Andreae claimed that counsel failed to bring alleged inaccuracies to the court's attention during sentencing. However, the sentencing transcript shows that both counsel and Andreae reviewed the presentence report prior to sentencing. The court gave both Andreae and his counsel an opportunity to challenge the contents of the report, and counsel did in fact point out specific facts that were allegedly inaccurate. While Andreae may have wished counsel to investigate and correct the allegedly inaccurate information, defense counsel's failure to do so does not constitute ineffective assistance. Likewise, the district court correctly dismissed Andreae's claim that his "conduct was not as bad as it may seem because the investors would receive some money from the Chapter 11 proceeding and from tax write-offs." Andreae pled guilty to one count of mail fraud and one count of offering unregistered securities. The fact remains that the investors lost a substantial amount of money and Andreae was responsible for their loss by formulating the investment scheme. This claim is clearly without merit.
 
 
 7
 We also affirm the district court on Andreae's second claim that the court violated Fed.R.Crim.P. 32(c)(3)(D) during his sentencing hearing. In order to comply with the requirements of Fed.R.Crim.P. 32(c)(3)(D), a district court must either make a finding as to each matter controverted or determined that no such finding is necessary because the matter controverted will not be considered in sentencing. The record does not indicate that the trial court relied upon disputed information in fashioning the defendant's sentence. In such circumstances, the sentencing judge has substantially complied with the mandates of Rule 32(c)(3)(D) even though he failed to make any express finding or determination of the disputed fact. See United States v. Graham, 856 F.2d 756, 762 (6th Cir.1988). The defendant and his counsel specifically objected to certain information in the presentence investigation report at the sentencing hearing. The district court did not indicate any reliance upon the disputed information. See United States v. Betancourt, 838 F.2d 168, 176 (6th Cir.), cert. denied, 108 S.Ct. 1748 (1988). Under the circumstances, we find no basis for a reversal.
 
 
 8
 A careful review of the memorandum opinion and order entered by Judge Pratt discloses that defendant's allegations are without merit. The court analyzed the factual inaccuracies alleged by defendant and concluded that they were essentially "nothing more than different versions of the underlying facts." (Memorandum Opinion and Order, pp. 4-6, and p. 7 n. 1).
 
 
 9
 In addition to findings described above, the district court's analysis included a consideration of what weight could be ascribed to the "inaccuracies" cited by defendant. The court concluded that the "allegations are irrelevant" and that the "nature of Petitioner's scheme ... is sufficient to sustain his sentence regardless of Audette's alleged inaccurate statements." (Memorandum Opinion and Order, pp. 6-7).
 
 
 10
 Accordingly, we affirm the decision of the district court pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.